UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIAN TENSLEY,

    Plaintiff,

v.                                          Case No. 8:23-cv-2878-WFJ-CPT

SPRINT / THE NEW T-MOBILE,

    Defendant.
_____/

**ORDER**

Darian Tensley, a federal prisoner proceeding *pro se*, initiated this action by filing a complaint, (Doc. 1), a memorandum of law in support of the complaint, (Doc. 2), a motion for preliminary injunction, (Doc. 3), and a motion for leave to proceed *in forma pauperis*, (Doc. 4). Upon review, *see* 28 U.S.C. § 1915(e)(2), the Court concludes that the complaint must be dismissed without prejudice for lack of subject matter jurisdiction. The Court also denies without prejudice Mr. Tensley's motion for preliminary injunction and motion for leave to proceed *in forma pauperis*.

**I.**     **Screening of Complaint**

Mr. Tensley alleges that from "the end of 2002" to 2003, he was a customer of Sprint, which was subsequently acquired by T-Mobile. (Doc. 2 at 2). During that time, he purchased a cell phone at a Sprint store in Tampa, Florida. (*Id.*) While he was a Sprint customer, Mr. Tensley "received numerous correspondence from Sprint," including "billing service agreement[s], customer notifications, etc." (*Id.*)

In June 2003, Mr. Tensley was arrested on federal drug charges involving the distribution of "53.8 grams of crack cocaine." (*Id.*) From that time to the present, Mr. Tensley has "diligently corresponded" with Sprint and T-Mobile, asking them to "turn over phone records for the time period he was a customer with them." (*Id.* at 2, 5). Mr. Tensley claims that his phone records would "prove" that he was "not in the area where th[e] alleged 'drug buy' occurred." (Doc. 1-1 at 8). Despite Mr. Tensley's repeated requests, Sprint and T-Mobile have "failed to provide" the requested records, thereby breaching an unspecified provision of their "prior and current service agreement" with him. (Doc. 2 at 6; Doc. 3 at 2). Because he could not obtain the phone records, Mr. Tensley was allegedly forced to plead guilty "to a crime [he] was innocent of" and "was sent to federal prison." (Doc. 1-1 at 8-9). Finally, Mr. Tensley alleges that in August 2023, he attempted to initiate arbitration against T-Mobile in an effort to resolve the dispute, but he "received no response." (*Id.* at 9).

Based on these allegations, Mr. Tensley sues T-Mobile for (1) breach of contract, (2) violations of the Florida Deceptive and Unfair Trade Practices Act, (3) false advertising under the Lanham Act, and (4) violations of the Due Process Clause of the federal constitution. (Doc. 2 at 3-7). Mr. Tensley seeks $30 million in damages. (Doc. 1 at 4).

Mr. Tensley's complaint must be dismissed without prejudice because it fails to adequately invoke this Court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). "In a given case, a federal district court must have at least one of three types of

subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Mr. Tensley purports to invoke this Court's federal question jurisdiction, (Doc. 1 at 3), but his allegations are insufficient to confer jurisdiction on that basis. "Not every complaint alleging a federal claim invokes federal question jurisdiction." *Rubinstein v. Yehuda*, 38 F.4th 982, 993 (11th Cir. 2022). "A federal claim fails to invoke federal jurisdiction where it is either immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous." *Id.* "A claim is insubstantial and frivolous if it is obviously without merit or clearly foreclosed by Supreme Court precedent." *Id.*

Mr. Tensley attempts to assert two federal causes of action: a false advertising claim under Section 1125(a) of the Lanham Act, and a federal due process claim. (Doc. 2 at 3). Section 1125(a) of the Lanham Act "extends only to plaintiffs whose interests fall within the zone of interests protected by" that statute. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014). "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 131-32. Mr. Tensley alleges no such injury. Because the Lanham Act claim "is clearly foreclosed by Supreme Court precedent," it fails to invoke federal question jurisdiction. *Rubinstein*, 38 F.4th at 993.

The same is true of Mr. Tensley's due process claim. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Mr. Tensley alleges no facts showing that Sprint or T-Mobile acted under color of state law. For that reason, the due process claim is "obviously without merit" and thus insufficient to confer federal question jurisdiction. *Rubinstein*, 38 F.4th at 993.

Mr. Tensley likewise fails to invoke this Court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). A person is a citizen of the state where he is domiciled—that is, "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002). A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010).

Mr. Tensley asserts that "Sprint/T-Mobile" is incorporated under the laws of Florida, but he does not allege its principal place of business. (Doc. 1 at 4). For that reason

alone, the complaint fails to establish diversity of citizenship. *See Yeh Ho v. Merrill Lynch Pierce Fenner & Smith Inc.*, No. 22-11521, 2023 WL 2017380, at *2 (11th Cir. Feb. 15, 2023) ("The second amended complaint failed to establish diversity of citizenship because it failed to allege Merrill Lynch's principal place of business."). But the complaint is deficient for another reason as well: Mr. Tensley fails to allege facts establishing his own citizenship. The complaint notes that he is currently incarcerated in Louisiana. (Doc. 1 at 1). But "[a] prisoner's place of incarceration . . . does not establish his citizenship." *Heard v. Publix Supermarkets Inc.*, No. 4:19-cv-111-RH-HTC, 2019 WL 13440625, at *2 (N.D. Fla. July 15, 2019). Instead, a prisoner is ordinarily "a citizen of the state where he was domiciled prior to incarceration." *Horn v. Est. of Camacho*, 817 F. App'x 872, 875 (11th Cir. 2020) (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002)). Mr. Tensley fails to plead facts establishing his domicile prior to incarceration. Although he states that he "resided" in Tampa, Florida before his arrest, (Doc. 1-1 at 8), "[d]omicile is not synonymous with residence," because "one may temporarily reside in one location, yet retain domicile in a previous residence."[1] *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011); *see also Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[D]omicile requires both residence in a state and an intention to remain there indefinitely.").

For these reasons, Mr. Tensley has failed to meet his burden "to allege with sufficient particularity the facts creating jurisdiction." *Morrison v. Allstate Indem. Co.*, 228

---

[1] The Court notes that, if Mr. Tensley was in fact domiciled in Florida before his incarceration, he would not be diverse from T-Mobile, which is alleged to be incorporated in Florida.

F.3d 1255, 1273 (11th Cir. 2000). Accordingly, the complaint is dismissed without prejudice.

## II.     Motion for Preliminary Injunction

Mr. Tensley filed a motion for preliminary injunction, seeking an order that would require T-Mobile to "turn over the [requested] records." (Doc. 3 at 2). Because Mr. Tensley fails to adequately invoke this Court's subject matter jurisdiction, his motion for preliminary injunction must be denied without prejudice. *See Morbark, LLC v. Beckowitz*, No. 4:23-cv-116-MW-MJF, 2023 WL 4358749, at *2 (N.D. Fla. May 3, 2023) (denying motion for preliminary injunction where plaintiff "failed to sufficiently invoke th[e] Court's subject matter jurisdiction").

Jurisdiction aside, the motion fails to comply with Local Rule 6.02, which governs proceedings for preliminary injunctions in this Court. First, the motion does not include "a proposed order." Local Rule 6.01(a)(5); *see also* Local Rule 6.02(a)(1) (incorporating all requirements for Local Rule 6.01 governing temporary restraining orders into the requirements for preliminary injunctions). Second, it does not indicate that Mr. Tensley "notif[ied] each affected party as soon as practical," or that "an extraordinary circumstance" supported "not requiring notice." Local Rule 6.02(b). Mr. Tensley's *pro se* status does not excuse him from complying with the Local Rules of this Court. *See Tri-Pharma, Inc. v. Safe Harvest Med., LLC*, No. 8:20-cv-3083-CEH-TGW, 2022 WL 2667848, at *2 (M.D. Fla. July 11, 2022) ("The Local Rules apply equally to all parties who litigate in this Court, including *pro se* parties.").

### III.    Motion for Leave to Proceed *In Forma Pauperis*

Finally, Mr. Tensley's motion for leave to proceed *in forma pauperis*, (Doc. 4), must be denied without prejudice because it is incomplete. Specifically, Mr. Tensley failed to submit a certificate "completed by the warden or other authorized officer at the place of [his] confinement, showing the amount of money or securities that [he has] in any account in the institution." (*Id.* at 5). If Mr. Tensley wishes to proceed *in forma pauperis* in this action, he must submit a properly completed Affidavit of Indigency and a copy of his inmate trust account statement for the six-month period preceding the filing of his complaint.

### IV.    Conclusion

Accordingly, it is **ORDERED** that:

1. Mr. Tensley's complaint, (Doc. 1), is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

    a. If Mr. Tensley wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Tensley should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Tensley's claims that he wishes to pursue and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

2. If Mr. Tensley fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Tensley's motion for preliminary injunction, (Doc. 3), is **DENIED without prejudice**.

4. Mr. Tensley's motion for leave to proceed *in forma pauperis*, (Doc. 4), is **DENIED without prejudice**.

    a. Within **THIRTY DAYS** of the date of this order, Mr. Tensley must either (1) file a fully completed Affidavit of Indigency form (if Mr. Tensley desires to proceed as a pauper and incur the pauper's filing fee of $350) or (2) pay the $405.00 filing fee (if Mr. Tensley does not desire to proceed as a pauper). Failure to comply with this directive may result in the dismissal of this case without further notice.

5. Mr. Tensley must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

6. The Clerk is **DIRECTED** to mail to Mr. Tensley an Affidavit of Indigency form and the standard form for *pro se* civil complaints.

**DONE** and **ORDERED** in Tampa, Florida, on December 19, 2023.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**